## REED v. BOONE et.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1487.   Decided Feb. 10, 1927.

**First Publication of this Opinion.**

465.   ERROR—Where several issues are presented to jury, error in one will not be held prejudicial if verdict may stand upon one or more issues to which no error has been committed.

Error to Common Pleas.

Judgment affirmed.

Morton, Irvine & Blanchard, Columbus, for Reed.

Powell & Powell and Carl W. Lortz, Columbus, for Boone et.

BY THE COURT.

The first cause of action set forth an account for material and labor furnished in the construction of a garage and the second cause of action sets out a mechanic's lien. The plaintiff sought judgment on the claim and enforcement of the lien. The defendant answered, first, with a general denial, and second, with a counter-claim in which the defendant sought to recover $1,500. The reply denied the new matter set forth in the counter claim except that a check had been received and credited. At the beginning of the trial, the defendant objected to the impanelling of a jury, upon the ground that the case was not tryable, as a matter of right, by a jury. We think this objection was properly overruled.

The case was tried by the jury and resulted in a verdict in favor of plaintiffs. A motion for a new trial was filed and overruled. The motion set forth the weight of the evidence and certain alleged misconduct. Final judgment having been entered on the verdict, error is prosecuted to this court.

In respect to the charge of misconduct, we find no prejudicial error.

The giving of charges 5 and 6 is not error prejudicial to the plaintiff in error.

We find more difficulty in respect to the general charge but, before taking up the general charge, it is proper to notice, generally, the nature of the issues presented to the jury. The plaintiffs made claim, upon an account, for a balance due. There was a general denial. This involved, first, whether the contract was made with the plaintiffs as a partnership or with Charlton as an individual. This issue may be disposed of upon the proposition that the plaintiff in error could not have been

prejudiced by the jury's verdict in favor of the plaintiff. It in nowise prejudiced the plaintiff in error that she was held to a contract in favor of the firm instead of an individual member who was made a party and became thereby bound by the judgment.

The question was submitted to the jury as to whether there was special contract as to time of performance, the court charging, in substance, that, if there was a special contract, the plaintiff would be bound thereby and would not be entitled to recover unless the jury found that the delay beyond the time specified was caused by the acts of defendant below. We think this was a proper charge, justified by the evidence and also by the pleadings. We also find, upon a careful examination of the record, that the jury might have based their verdict in favor of the plaintiffs below upon this feature of the case.

The trial court, in certain paragraphs of the general charge, brought in an issue as to a waiver. The learned trial judge evidently was of the impression that the subject of waiver was brought into the case, either by the pleadings or by the manner of the trial. There was also a question as to whether the subject of waiver, if it were properly in the case, as correctly stated in the paragraph which dealt with the duty of the defendant to make a protest in case the plaintiff failed to complete the building within the time specified. We are not, however, called upon to express an opinion as to the correctness of the charge in this particular. It has been repeatedly decided, in Ohio, that where several issues are presented to the jury and there is error as to one, such error will not be held prejudicial if the verdict may stand upon one or more of the issues as to which no error has been committed. Perhaps the latest expression is found in the case of Achaner, Admr. v. Traction Co., 107 OS. 33. The issue, as to whether there was an express agreement as to the time and as to whether the plaintiffs were delayed because of the acts of the defendant below, was properly submitted to the jury. The verdict, in favor of plaintiff below, might have rested upon this feature, in connection with other features of the case in nowise affected by the waiver.

Considering all the questions raised by counsel, we are of the opinion that there was no prejudicial or reversible error in this case.

(Ferneding, Kunkle and Allread, JJ., concur.)